IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KEITH MICHEL, | Cause No. CV 21-59-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MR. MCTIGHE, MS. POWELL, MR. MADRID, MS. ALSTEAD, MR. MONTGOMERY, MR. DELELLA, MR. TROMBLEY, MR. BIRKEBILE, MR. NELSON, MR. VINES, MR. JOHNSON, MR. MORHARDT, and MR. WIRSCHING, | |
| Defendants. | |

Plaintiff Michel filed a proposed complaint along with eight other individuals. (Doc. 9.) The matters were severed and the Plaintiffs were advised they would need to proceed separately.

Michel was ordered to file a copy of his prisoner trust fund account statement and to file an Amended Complaint. (Doc. 10 at 12-13.) Michel submitted a copy of his trust account statement but failed to file an Amended Complaint. Michel was then directed to show cause as to why this matter should not be dismissed for failure to prosecute and failure to comply with a Court order. See, (Doc. 13.) Michel failed to respond to the order to show cause.

1

## I.      Failure to Prosecute

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The Court may dismiss a case on its own without awaiting a motion.  See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv*., 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Michel has failed to file his amended pleading within the requisite timeframe.  This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Michel refuses to comply with the Court's orders. Michel's case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Michel was provided with an explanation of the additional information the Court required and was afforded an adequate amount of

3

time to prepare his Amended Complaint.  Michel failed to respond entirely.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.    CONCLUSION

Given Michel's failure to respond to this Court's orders on two occasions, no further resources of the Court should be expended and Michel's Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1.  This matter should be dismissed.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The

record makes plain that Michel has failed to prosecute this matter and/or comply with the Court's orders.

## NOTICE OF RIGHT TO OBJECT TO OBJECT
## TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
## OF FAILURE TO OBJECT

Michel may file objections to these Findings and Recommendations within fourteen (14) days after service.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of August, 2021.


 */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Michel is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.